UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERVIN JOSEPH LaMIE,

        Plaintiff,                    Case No. 4:24-cv-11101
                                          District Judge Shalina D. Kumar

v.                                 Magistrate Judge Anthony P. Patti

TODD M. MORGAN and
COUNTY OF LENAWEE,

        Defendants.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND (ECF No. 7)

**A.**    **Background**

On March 4, 2024, LaMie initiated this lawsuit *in pro per* in state court against Lenawee County District Judge Todd M. Morgan and the County of Lenawee.  *See* Case No. 24-000025-MZ (MI Court of Claims).  (ECF No. 1-2, PageID.7-15.).  Judge Morgan removed the case to this Court on April 25, 2024.

**B.**    **Pending Matters**

Judge Kumar has referred this case to me for pretrial matters.  On May 2, 2024, Defendants individually filed motions to dismiss (ECF Nos, 5, 6), and, on May 30, 2024, Plaintiff filed a motion for leave to file a first amended complaint (ECF No. 7), as to which Plaintiff simultaneously filed a memorandum and affidavit (ECF No. 8).

1

On February 3, 2025, I entered a report recommending that the Court grant the Defendants' motions to dismiss (ECF Nos. 5, 6).  (ECF No. 19.)  This order concerns Plaintiff's motion for leave to file an amended complaint (ECF No. 7), as to which Defendants have filed responses (ECF Nos. 11, 12).

C.    **Fed. R. Civ. P. 15(a)**

Plaintiff brings his motion to amend pursuant to Fed. R. Civ. P. 15(a), which concerns amendments before trial.  (ECF No. 7, PageID.247.)  This rule permits amending a pleading once as a matter of course within "**(A)** 21 days after serving it, or **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

The Court cannot say that Plaintiff's May 30, 2024 attempt to amend could have been effectuated "as a matter of course . . . ."  Fed. R. Civ. P. 15(a)(1).  First, Plaintiff filed his state court complaint on March 4, 2024 (see Case No. 24-000025-MZ (MI Court of Claims), and Judge Morgan contends he became aware of Plaintiff's lawsuit on April 5, 2024 (ECF No. 1, PageID.3 ¶ 8), but the date on which either Defendant Morgan or Defendant Lenawee County was served with this lawsuit is unclear; therefore, the Court cannot determine whether Plaintiff's

2

May 30, 2024 attempt to amend occurred "no later than . . . 21 days after serving it[.]" Fed. R. Civ. P. 15(a)(1)(A).  Second, Plaintiff was served with Defendants' motions on May 2, 2024, seemingly via the United States Postal Service (see ECF No. 5, PageID.137; ECF No. 6, PageID.245), in which case he would have had until on or about Tuesday, May 28, 2024 to amend "as a matter of course" under Fed. R. Civ. P. 15(a)(1)(B).  *See also* Fed. R. Civ. P. 6(a)(1)(C), (d).

Therefore, the Court proceeds as if Plaintiff must seek leave to amend, in which case "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  As the Supreme Court has explained:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."  *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Department of Treasury,*

*State of Michigan, Revenue Div.*, 987 F.2d 376, 382–83 (6th Cir.1993)).  "The test

for futility . . . does not depend on whether the proposed amendment could

potentially be dismissed on a motion for summary judgment; instead, a proposed

amendment is futile only if it could not withstand a Rule 12(b)(6) motion to

dismiss."  *Rose*, 203 F.3d at 421.

**D.    Discussion**

    **1.    Plaintiff's request for guidance**

Preliminarily, the Court declines Plaintiff's request "to inform [him] of any

deficiencies in his appeal . . . [,]" or, as interpreted here, his combined motion to

amend and proposed amended complaint (*see* ECF No. 7), and "grant him time to

address those issues prior to any dismissal or denial of his claims in this case."[1]

(ECF No. 8, PageID.262 ¶ I.)  For one thing, in a recent report and over the course

of several pages, the Undersigned already has discussed why Plaintiff's *original*

complaint (ECF No. 1-2) fails "to state a claim upon which relief can be

granted[,]" Fed. R. Civ. P. 12(b)(6), as to Defendants Judge Morgan and Lenawee

County.  (*See* ECF No. 19, PageID.352-359.)  For another, "[d]istrict judges have

---

[1] The very fact that he refers to the instant case as an "appeal" is telling.  As noted
in the recent report and recommendation, the *Rooker-Feldman* Doctrine provides
that "inferior federal courts lack jurisdiction to review the final judgments of state
courts."  *Hutcherson v. Lauderdale Cnty., Tenn.*, 326 F. 3d 747, 755 (6th Cir.
2003) (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v.
Fid. Tr. Co.*, 263 U.S. 413 (1923)).  (*See* ECF No .19, PageID.354 n.5.)

no obligation to act as counsel or paralegal to pro se litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Courts do not give legal advice.

True, "the allegations of the pro se complaint . . . [are held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted[,]" *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Indeed, "[t]he drafting of a formal pleading presupposes some degree of legal training or, at least, familiarity with applicable legal principles, and *pro se* litigants should not be precluded from resorting to the courts merely for want of sophistication." *Jourdan*, 951 F.2d at 110.

However, even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims that were never presented, . . . nor may courts construct the Plaintiff's legal arguments for him . . . . Neither may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., *adopting report and recommendation of* Binder, M.J.) (internal and external citations omitted)). *See also, Evans v. Mercedes Benz Fin. Servs., LLC,*

No. 11-11450, 2011 WL 2936198, at *2 (E.D. Mich. July 21, 2011) (Cohn, J.)

("Even excusing plaintiff's failure to follow Rules 8(a)(2) and 10(b), a *pro se*

plaintiff must comply with basic pleading requirements, including Rule

12(b)(6)."). In the end, "the plaintiff is the master of the complaint[.]" *Caterpillar*

*Inc. v. Williams*, 482 U.S. 386, 398-399 (1987).

### 2. Plaintiff's proposed amended complaint

Upon consideration, Plaintiff's proposed amended complaint (ECF No. 7,

PageID.247-260), as presented, "could not withstand a Rule 12(b)(6) motion to

dismiss." *Rose*, 203 F.3d at 420, 421.

### a. Format

To the extent Plaintiff's "combined" filing is a proposed amended complaint

(*see* ECF No. 7, PageID.247-260), it is embedded with a "motion to compel the

Defendants to turn over" nine (9) enumerated items. (*Id.*, PageID.248 ¶ 5(1)-5(9).)

This Court's rules provide that "[m]otions must not be combined with any other

stand-alone document." E.D. Mich. LR 5.1(e)(1); E.D. Mich. LR 7.1(i); E.D.

Mich. EFP R5(f). And, if Plaintiff intended to *join* his Fed. R. Civ. P. 15(a) motion

to amend (or, for that matter, his Fed. R. Civ. P. 20(a) request for joinder) with a

Fed. R. Civ. P. 34 motion to compel the production of documents, his citation to

Fed. R. Civ. P. 12(g) – which provides that "[a] motion under *this rule* may be

joined with any other motion allowed by *this rule*[,]" (*id.* (emphases added)) – is misguided.  (*See* ECF No. 7, PageID.248.)

Additionally, the proposed amended complaint's organization is not entirely clear.  To be fair, the Court presumes the Court's jurisdiction is based on 28 U.S.C. § 1331 ("Federal question") and recognizes the proposed pleading's list of remedies (*see* ECF No. 7, PageID.260 ¶ 35).  *See* Fed. Rules Civ. P. 8(a)(1), 8(a)(3).  However, Plaintiff's proposed amended complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  Instead, it is, in places, a rambling treatise or brief on Plaintiff's view of constitutional rights, jurisdiction, and "treason."  While the proposed pleading contains labels, such as "statement of claim" or "facts and arguments," or in all capital letters professes to bring constitutional claims (*see id.*, PageID.248, 251, 255), there are also disconnected citations to multiple federal statutes and case law (*see id.*, PageID.246-254 ¶¶ 29, 33, 21-22) and multiple references to either "the defendants[,]" or "all defendants" (*see id.*, PageID.250-252, 258-259).  Thus, it is not clear which particular proposed claims – *i.e.*, federal constitutional, federal statutory, or state law – are brought against which particular proposed defendants.[2]  Nor do Plaintiff's generalized and sweeping allegations –

---

[2] Adding to the lack of clarity, although presumably the result of cut and paste efforts, Plaintiff's May 30, 2024 filings contain pasted references to *Spink v. Gaylord, et al.*, Case No. 1:19-cv-00900-PLM-PJG (W.D. Mich. Oct. 28, 2019)

*e.g.*, that he was deprived of "Due Process of Law under the 14th Amendment" or the allegation of a non-specific conspiracy to "thwart and suppress" his "constitutional rights" and "concealment" thereof and that Defendants "jointly violated [their] oaths . . . [,]" (*see* ECF No. 7, PageID.250-252 ¶¶ 10, 12, 15) – bring clarity to the Court or his opponents. *See Bommarito v. Equixfax Info. Servs.*, LLC, 340 F.R.D. 566, 569 (E.D. Mich. 2022) (Patti, M.J.).  Scattering legal jargon throughout a pleading does not equate with cognizable claims.

### b.    Addition of claims against defense counsel

Citing Fed. R. Civ. P. 20(a), the rule governing permissive joinder, Plaintiff proposes the addition of three Defendants – in their individual capacities – who are each defense counsel in this very case.  (*See* ECF No. 7, PageID.247-248 ¶¶ 3, 4.) However, Plaintiff is misguided as to at least two of his claims against these proposed addition defendants.

First, to the extent Plaintiff suggests that defense counsel's law firms – *i.e.*, Plunkett Cooney, PC or Rosati Schultz Joppich & Amtsbuechler, PC – are violating Mich. Comp. Laws § 450.681 ("Practice of law by corporations and voluntary associations prohibited; exceptions; penalty.") (*see* ECF No. 7, PageID.252 ¶ 17; ECF No. 8, PageID.265), the Court would decline to exercise

and *Warden v. Miranda*, Case No. 4:14-cv-02050-DCB (D. Ariz. Mar. 31, 2016). (*See* ECF No. 7, PageID.253 ¶ 20; ECF No. 8, PageID.263 ¶ IV, 264 ¶ X.)

supplemental jurisdiction under 28 U.S.C. § 1367, as discussed below; nonetheless, it is not at all unusual for lawyers appearing before this Court to be partners of <u>or</u> associated with <u>or</u> employed by a law firm organized as a professional corporation.

Second, to the extent Plaintiff suggests that the defense attorneys are practicing law without a license (*see* ECF No. 7, PageID.252 ¶ 18, PageID.258 ¶ 34(A)), the State Bar of Michigan's Member Directory lists currently lists attorneys Carlito H. Young, Melanie Hesano, and Jeffrey S. Hengeveld as active members in good standing.[3]  This not only appears to run afoul of Rule 11's requirement that "the factual contentions . . . will likely have evidentiary support . . . [,]" Fed. R. Civ. P. 11(b)(3), but it also appears to be "presented for [an] improper purpose," Fed. R. Civ. P. 11(b)(1), namely to harass defense counsel and/or to remove them from the defense.  In any case, these, proposed claims against the defense attorneys in this matter do not state claims against them "upon which relief

---

[3] *See* https://sbm.reliaguide.com/home (last visited Feb. 6, 2025).  So, too, is the Honorable Todd Michael Morgan (*id*.), contrary to the proposed amended pleading's suggestion (*see* ECF No. 7, PageID.258 ¶ 34(A)), although "[u]pon taking office, a district judge shall not engage in the practice of law other than as a judge."  Mich. Comp. Laws Ann. § 600.8203.  In any event, as the Court did in its February 3, 2025 report and recommendation (*see* ECF No. 19, PageID.357 n.6), the Undersigned cautions Plaintiff to carefully consider exercising due diligence in the future when filing matters in this Court, lest he be subjected to sanctions for failing to comply with Fed. R. Civ. P. 11(b).

can be granted[,]" Fed. R. Civ. P. 12(b)(6); thus, permitting amendment of the

pleading to include such claims would be futile.

      **c.**      **Addition of claims against county administrator**

Along with his citation to Fed. R. Civ. P. 20(a), Plaintiff also proposes the

addition of Kimberly L. Murphy, the Lenawee County Administrator, in her

individual capacity.  (*See* ECF No. 7, PageID.247-248 ¶¶ 3, 4.)[4]  Plaintiff alleges

that Murphy "must satisfy the state requirements of the bond for all employees of

the county[,]" and "uses [Lenawee County's] blanket bond in place of a personal

bond by the defendant Todd Morgan."  (ECF No. 7, PageID.248 ¶ 7, PageID.251 ¶

14.)[5]  As Plaintiff would have it, Administrator Murphy and the County of

Lenawee are "inseparable" from Judge Morgan, because "if they were separated

the bond goes with the county for it is the county's bond covering its employee."

(*Id*., PageID.251 ¶ 14; *see also id*., PageID.258 ¶ 34(C).)  Plaintiff also alleges that

Murphy and Lenawee County have "a fiduciary duty . . . to monitor the employees

of the county to protect the individuals and the public from harm of the county

---

[4] *See also* https://www.lenawee.mi.us/420/Administrator (last visited Feb. 6, 2025).

[5] This allegation is put into context when read with Mich. Comp. Laws § 45.381(1) ("Each officer or employee of a county that is required by statute to furnish a bond conditioned on the officer's or employee's honesty or faithful discharge of the officer's or employee's duties shall be covered by a *blanket bond* by a surety company approved by the county board of commissioners or by an individual bond by a surety company approved by the county board of commissioners for the officer or employee.") (emphasis added).

employees . . . [;]" thus, "they have a bond to protect those harmed by those employed by the county."  (ECF No. 7, PageID.259 ¶ 34(D).)

Although the proposed amended pleading names Murphy in her individual capacity, the proposed allegations against her clearly concern actions taken in her role as the Lenawee County Administrator.  Moreover, Plaintiff's proposed pleading alleges Morgan and Murphy and the County "cannot be separated for they are bound to each other by the liability bond . . . [,]" (ECF No. 7, PageID.258 ¶ 34(C)), thus suggesting Plaintiff treats these Defendants in tandem.  (*See also* ECF No. 19, PageID.359.)  The Undesigned has already noted that Lenawee County cannot be held responsible for Judge Morgan's decisions concerning Case No. 2018-183114-ST, consistent with *Luther v. Burton*, 34 F. App'x 467, 468 (6th Cir. 2002).  (*See* ECF No. 19, PageID.357-359.)  For the same reasons, Murphy – in her role as the Lenawee County Administrator – may not be held responsible for Judge Morgan's decisions in Plaintiff's state district court case.

Moreover, to the extent the proposed amended complaint claims Murphy (or, for that matter, Lenawee County) *hired* Judge Morgan (*see* ECF No. 7, PageID.247 ¶ 3; *id*., PageID.251 ¶ 13), Plaintiff is inaccurate.  Judges of Michigan's district courts are elected, *see* Mich. Comp. Laws § 168.467a, and "[i]f a vacancy occurs in the office of district judge, the governor shall appoint a successor to fill the vacancy[,]" Mich. Comp. Laws § 168.467m.  Thus, neither

Lenawee County *as a municipality* nor Murphy as the municipality's administrator hired Judge Morgan.

Having concluded that Plaintiff's proposed claims against Murphy – in her role as the Lenawee County Administrator – do not state claims against her "upon which relief can be granted[,]" Fed. R. Civ. P. 12(b)(6), permitting amendment of the pleading to include such claims would be futile.

### d.    Proposed claims against original Defendants

Plaintiff's proposed amended complaint would retain the original Defendants – Judge Morgan, described as "an employee of Lenawee County," and Lenawee County, described as "the employer and the bonded for liability of the employee . . . ." – in their individual capacities.  (ECF No. 247-248 ¶¶ 3, 4.)[6]

Throughout the proposed pleading, Plaintiff makes multiple references to original Defendants Morgan and Lenawee County.  In at least some of the references to Morgan, the proposed pleading refers in some manner to Plaintiff's state district court case (presumably Case No. 2018-183114-ST).  (*See, e.g.,* ECF No. 7, PageID.249 ¶ 8; PageID.250 ¶ 11; PageID.256-257 ¶ 28, ¶ 31; PageID.258 ¶

---

[6] To be clear, state district court judges "receive an annual salary payable by" the State of Michigan and may also receive "an additional salary" from "a district funding unit in which the judge regularly holds court . . . ."  Mich. Comp. Laws Ann. § 600.8202(1),(2).

32.)  And, Plaintiff suggests Judge Morgan has committed "judicial fraud" or "judicial delay."  (ECF No. 7, PageID.256-257 ¶ 29(b), ¶ 29(j).)

However, consistent with the Court's recently filed report:  (a) to the extent Plaintiff's proposed claims against Morgan are based on his "judicial acts," Judge Morgan is entitled to absolute immunity consistent with *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983), and *Cleavinger v. Saxner*, 474 U.S. 193, 199–200 (1985) (*see* ECF No. 19, PageID.352-354; *see also id*., PageID.354-357); and, (b) to the extent Plaintiff's proposed claims against Lenawee County are based on its alleged "fiduciary" duty "to protect" or "to monitor . . . [,]" (*see* ECF No. 7, PageID.250 ¶ 10, PageID.254 ¶ 23; PageID.259 ¶ 34(D)), the County cannot be held responsible for Judge Morgan's decisions concerning Case No. 2018-183114-ST, consistent with *Luther v. Burton*, 34 F. App'x 467, 468 (6th Cir. 2002) (*see id*., PageID.357-359).

### e.    Proposed claims against one or more Defendants

### i.    Due Process

Throughout the proposed amended pleading, there are references to the Fourteenth Amendment to the United States Constitution and/or "due process[,]" in some cases referring to Morgan (ECF No. 7, PageID.249 ¶ 8, PageID.253 ¶ 19, PageID.257 ¶ 31), in some cases referring to more than one Defendant (*id*., PageID.250 ¶¶ 10, 12; PageID.251-252 ¶¶ 14-15), and in some cases collectively

referring to "the defendants," (*id.*, PageID.259 ¶¶ 34(G), 34(H).)  True, "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law[.]"  U.S. Const. amend, XIV § 1.  However, as noted above, Judge Morgan is entitled to absolute immunity as to any claims related to his judicial actions in Plaintiff's state district court case, Lenawee County and Administrator Murphy cannot be held responsible for Judge Morgan's decisions concerning Case No. 2018-183114-ST, and Attorneys Young, Hesano, and Hengeveld are active members of the State Bar of Michigan in good standing.

### ii.    Treason

To the extent the proposed amended complaint alleges that Judge Morgan – or, for that matter, any other existing or proposed additional defendant – "committed treason," U.S. Const. Art. III, Sec. 3 (ECF No. 7, PageID.252 ¶ 16; PageID.255-258 ¶¶ 26, 27, 29, 32, 33; PageID.259 ¶ 34(H)), the Court has already explained in its recent report that Plaintiff has no standing to sue another person for "treason," a criminal violation arising under Article III, sec. 3 of the U.S. Constitution.  (ECF No. 19, PageID.357 n.6.)  Likewise, to the extent Plaintiff cites 18 U.S.C. § 2382 ("Misprision of treason") (*see* ECF No. 7, PageID.256 ¶ 29(d), PageID.258 ¶ 33), "[t]here is no private right of action under 18 U.S.C. § 2382." *Reade v. Galvin*, No. CV 21-10064-FDS, 2021 WL 327474, at *2 (D. Mass. Feb. 1, 2021).

### iii.   Conspiracy against rights / deprivation of rights under color of law

To the extent the proposed amended complaint's allegations of conspiracy to violate Plaintiff's constitutional rights are based on 18 U.S.C. § 241, or to the extent his allegations of deprivation of rights under color of law are based on 18 U.S.C. § 242 (*see id.*, ECF No. 7, PageID.250-253 ¶¶ 10, 12, 15, 16, 19; PageID.257 ¶¶ k, I; PageID.259 ¶ 34(E)), there is "no private right of action under either of these criminal statutes[,]" *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir.1994)).  Moreover, considering the proposed pleading's citations to 42 U.S.C. § 1983 or references to "color of law" (*see* ECF No. 7, PageID.247, 248 ¶ 6, 250 ¶ 9, 252 ¶ 15, 253 ¶ 20, 257 ¶¶ h, i), if Plaintiff had intended a *civil* conspiracy claim, the proposed amended complaint does not cite 42 U.S.C. § 1985 ("Conspiracy to interfere with civil rights"), and, assuming any such claim would have been based on Subsection 1985(3) ("Depriving Persons of Rights or Privileges"), it "must allege two necessary elements: (1) the existence of a conspiracy, and (2) some 'class-based discriminatory animus behind the conspirators' action.'" *Dunn v. State of Tenn.*, 697 F.2d 121, 124 (6th Cir. 1982) (citing *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971); *Browder v. Tipton,* 630

F.2d 1149, 1150 (6th Cir.1980)).  Neither of Plaintiff's May 30, 2024 filings

appears to mention discrimination.

### iv.    Other federal criminal statutes

To the extent the proposed amended pleading cites 18 U.S.C. § 4

("Misprision of felony") or 18 U.S.C. § 1832 ("Theft of trade secrets") (*see* ECF

No. 7, PageID.256 ¶ 29), there is no private right of action under either statute.

*See Reade*, 2021 WL 327474, at *2 ("There is no private right of action under 18

U.S.C. § 4."); *Vest Safety Med. Servs., LLC v. Arbor Env't, LLC*, No. CV H-20-

0812, 2020 WL 4003642, at *3 (S.D. Tex. July 15, 2020) ("Because Congress has

not specifically provided for a private cause of action under § 1832, none exists.").

These allegations are also conclusory and nonsensical in the context of this lawsuit.

To the extent the proposed amended pleading cites a section of the

Racketeer Influenced and Corrupt Organizations (RICO) Act (18 U.S.C. §§ 1961-

1968), namely the civil remedies provision, Plaintiff would have to be a "person

injured in his business or property by reason of a violation of section 1962 of this

chapter . . . ."  18 U.S.C. § 1964(c).  The proposed pleading does not cite Section

1962.

### v.    Other federal statutes

Plaintiff also cites the statute regarding this Court's jurisdiction where the

United States is a defendant (28 U.S.C. § 1346), federal statutes related to tort

16

claims procedure, such as 28 U.S.C. §§ 2671 ("Definitions"), 2674 ("Liability of United States"), and the statute governing proceedings *in forma pauperis* (28 U.S.C. § 1915).  (*See* ECF No. 7, PageID.256-257 ¶ 29.)  However, the United States is not listed as a defendant in the proposed amended pleading (*see* ECF No. 7, PageID.247 ¶¶ 3, 4), and a claim that *state court* Judge Morgan failed "to exercise legally required discretion," presumably by failing to "request an attorney to represent any person unable to afford counsel[,]" 28 U.S.C. § 1915(e)(1), is improper.

### vi.    State law

Finally, to the extent Plaintiff's proposed amended complaint asserts claims under state law, *e.g.*, the Michigan Constitution or Mich. Comp. Laws § 450.681 (*see* ECF No. 7, PageID.248, 251, 252, 253, 255, 258, 259), the Court would decline to exercise supplemental jurisdiction in accordance with 28 U.S.C. § 1367, consistent with the Undersigned's prior recommendation (*see* ECF No. 19, PageID.360).

### E.    Order

Plaintiff would not ameliorate the deficiencies in his original pleading by being given leave to file his proposed amended complaint; instead, these deficiencies would be compounded.  In sum, for the reasons stated above (*see* Section D.2), Plaintiff's proposed amended complaint (ECF No. 7, PageID.247-

17

260) does not provide "a short and plain statement of the claim showing that the

pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), and/or "fail[s] to state a

claim upon which relief can be granted[,]" Fed. R. Civ. P. 12(b)(6); therefore,

permitting amendment of the pleading to include such claims, as presented, would

be futile.  Accordingly, Plaintiff's Fed. R. Civ. P. 15(a) motion to amend (ECF No.

7) is **DENIED**.

     **IT IS SO ORDERED.**[7]


Dated:  February 10, 2025

                                      Anthony P. Patti
                                      UNITED STATES MAGISTRATE JUDGE

---

[7] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).