UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ERVIN JOSEPH LAMIE,<br>　　　　　　　　Plaintiff,<br><br>v.<br><br>TODD M. MORGAN et al.,<br>　　　　　　　　Defendants. | Case No. 24-11101<br>Honorable Shalina D. Kumar<br>Magistrate Judge Anthony P. Patti |

**ORDER ADOPTING REPORT AND RECOMMENDATION (ECF NO. 19), GRANTING DEFENDANT MORGAN'S MOTION TO DISMISS (ECF NO. 5), AND GRANTING DEFENDANT LENAWEE COUNTY'S MOTION TO DISMISS IN LIEU OF ANSWER (ECF NO. 6)**

Plaintiff Ervin Joseph LaMie ("LaMie"), proceeding *pro se*, initiated this suit against the Honorable Todd M. Morgan ("Judge Morgan") and the County of Lenawee ("the County") in the State of Michigan Court of Claims alleging violations of 18 U.S.C. §§ 241, 242, 42 U.S.C. § 1983, and "plaintiffs (sic) unalienable right of due process protected by the [Fifth] and [Seventh] Amendment (sic)" arising out of Judge Morgan's actions while presiding over LaMie's state court cases. ECF No. 1-2, PageID.9. Judge Morgan removed the case to this Court, *See* ECF No. 1, and he and the County both filed motions to dismiss which were fully briefed. ECF Nos. 5,

6, 13-18. This case was referred to the assigned magistrate judge for all pretrial matters pursuant to 28 U.S.C. § 636(b). ECF No. 9.

On February 3, 2025, the magistrate judge issued a Report and Recommendation (R&R). ECF No. 19. The R&R recommends this Court grant defendants' motions to dismiss for failure to state a claim upon which relief may be granted, and failure to overcome Judge Morgan's absolute judicial immunity. *Id.* The R&R further recommends that "to the extent Plaintiff's complaint is based on state law…the Court may and should decline to exercise supplemental jurisdiction in accordance with 28 U.S.C. § 1367." *Id.,* at PageID.360.

Neither party filed an objection to the R&R, and the time to do so has expired. *See* Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right for further judicial review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusion, under a *de novo* or any other standard, when neither party objects to those findings. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373-1374 (6th Cir. 1987) (failure to file objection to R&R "waived subsequent review of the matter"); *Lardie v. Birkett*, 221 F. Supp.

2d 806, 807 (E.D. Mich. 2002) ("As to the part of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). However, there is some authority that a district court is required to review the R&R for clear error. *See* Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error and finds none.

Accordingly, the Court **ADOPTS** the R&R (ECF No. 19) and **GRANTS** Judge Morgan and the County's motions to dismiss (ECF Nos. 5, 6). LaMie's federal claims are **DISMISSED WITH PREJUDICE**.

Because the Court **DECLINES** to exercise supplement jurisdiction over LaMie's state law claims pursuant to 28 U.S.C. § 1367, those claims are **DISMISSED WITHOUT PREJUDICE**.

This case is now closed.

**IT IS SO ORDERED**.

Dated: March 4, 2025

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge